UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.               Case No. 24-MJ-41

DANIEL LAMBERT,

    Defendant.

# ORDER

Before the court are two motions filed by the defendant: a motion to extend the deadline by which the government must obtain an indictment (ECF No. 11) and a motion to seal that motion for an extension of time (ECF No. 10).

The defendant's motion to seal (ECF No. 10) is **denied**. Every motion to seal must set forth good cause as to why sealing is necessary. The only explanation Lambert offers is, "The motion relates to the resolution of the defendant's case and contains information that should not be made public." (ECF No. 10.)

The motion for an extension of time states merely, "He now wishes to waive that right and seeks an extension of the deadline to provide the parties more flexibility as they discuss possible resolution of this case." (ECF No. 11.) Nothing about the content

of the motion is confidential. Extensions of time for the purpose of attempting to resolve a case short of indictment are not uncommon and, without more, never sealed.

As for the substance of the motion for an extension of time, it has long been established that a defendant cannot waive the application of the limits set forth under the Speedy Trial Act. *Zedner v. United States*, 547 U.S. 489, 500 (2006). Rather, the movant must demonstrate that a continuance is appropriate under 18 U.S.C. § 3161(h)(7).

Lambert has failed to demonstrate that an extension of time is appropriate under § 3161(h)(7). Standing alone, the parties' desire to attempt to resolve this matter without resorting to an indictment does not satisfy § 3161(h)(7).

Moreover, granting the requested extension would be of no consequence. It appears that the time limit under 18 U.S.C. § 3161(b) has already expired. The court cannot retroactively exclude time from the limits of the Speedy Trial Act. *Zedner*, 547 U.S. at 507. Therefore, even if the court were to grant the present extension, Lambert could still move for dismissal of the complaint under 18 U.S.C. § 3162(a)(1) and the court would be compelled to grant it.

If Lambert wishes to forego his right to be promptly indicted, he may simply

forego moving to dismiss the complaint. Accordingly, Lambert's Unopposed Motion to Extend Indictment Time Limit (ECF No. 11) is also **denied**.

Dated at Milwaukee, Wisconsin this 21st day of March, 2024.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge